IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CR-312-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| JUAN SANCHEZ HYMAN, | ) | |
| Defendant. | ) | |

This matter is before the court for a competency determination pursuant to 18 U.S.C. § 4241. By order dated August 4, 2014, defendant was committed to the custody of the Attorney General for an evaluation to determine whether there is reasonable cause to believe that defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. Defendant has been evaluated as directed, and a report has been prepared by a psychologist at the Bureau of Prisons' Federal Correctional Center in Butner, North Carolina.

On November 12, 2014, this court held a competency hearing pursuant to 18 U.S.C. § 4247(d), at which defendant, together with his counsel, James S. Perry, and an Assistant United States Attorney were present. Both parties acknowledged

1

receipt of the psychological evaluation report. The psychiatric report indicates that defendant is currently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Additionally, the psychologist appeared and testified at the hearing, explaining her report and the conclusions drawn therein.

Defendant was afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine any witnesses who might have appeared at the hearing. Defendant stated in open court that he is competent to proceed. However, defendant simultaneously presented unrelated motions and filings to the court. Defendant also presented the testimony of defendant's sister.

The court has carefully considered the psychological evaluation report along with the testimony of the psychologist at the hearing, the testimony of defendant's sister, the record in this case, and has personally observed defendant in court. At the conclusion of the hearing, the court determined by a preponderance of the evidence, that defendant presently is suffering from a mental disease or defect rendering him mentally

2

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, it is ORDERED that defendant is COMMITTED to the custody of the Attorney General for hospitalization for treatment in a suitable facility as close as practicable to the court, for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit these proceedings to go forward. 18 U.S.C. § 4241(d).

At the conclusion of that period of time, not to exceed four months, the mental health care provider conducting or overseeing defendant's treatment shall prepare and submit to the court a written report, with copies provided to counsel for defendant and the government, detailing his or her professional observations, conclusions and recommendations regarding whether there exists a substantial probability that in the foreseeable future defendant will attain the capacity to permit these proceedings to go forward. Upon receipt and consideration by the court and counsel for the parties of the four-month treatment report, the court will determine whether defendant should remain hospitalized and receive treatment for an

3

additional reasonable period of time until his mental condition is so improved that proceedings before the court can continue, or until the pending charges against defendant are disposed of according to law, whichever is earlier. 18 U.S.C. § 4241(d).

It is further ordered that the hearing on all pending motions and arraignment in this case shall be CONTINUED pending a determination of defendant's mental competency to stand trial. Any delay that results from this continuance is excluded from Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A). Moreover, the court finds that the interests of justice served by conducting an evaluation to determine defendant's competency outweigh the best interests of the public and defendant in a speedy trial and, therefore, any delay occasioned by this continuance is also excluded from Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

This 12th day of November 2014.

MALCOLM J. HOWARD
Senior United States District Judge

Greenville, NC
#26

4