IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CR-312-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JUAN SANCHEZ HYMAN, | ) | |
| Defendant. | ) | |

This matter is before the court for review of defendant's competency. By order dated August 4, 2014, defendant was committed to the custody of the Attorney General for an evaluation to determine whether there is reasonable cause to believe that defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. Defendant was evaluated as directed, and a report has been prepared by a psychologist at the Bureau of Prisons' Federal Correctional Center in Butner, North Carolina.

On November 12, 2014, this court held a competency hearing pursuant to 18 U.S.C. § 4247(d). The forensic evaluation indicated that defendant was currently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to

1

assist properly in his defense. Additionally, the psychologist, Dr. Robin Watkins, appeared and testified at the hearing, explaining her report and the conclusions drawn therein.

Defendant was afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine any witnesses who might have appeared at the hearing. Defendant stated in open court that he is competent to proceed. However, defendant simultaneously presented unrelated motions and filings to the court. Defendant also presented the testimony of defendant's sister.

The court carefully considered the forensic evaluation along with the testimony of the psychologist at the hearing, the testimony of defendant's sister, the record in this case, and personally observed defendant in court. At the conclusion of the hearing, the court determined by a preponderance of the evidence that defendant presently was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2

Therefore, on November 12, 2014, the court ordered the defendant committed to the custody of the Attorney General for hospitalization for treatment in a suitable facility as close as practicable to the court, for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit these proceedings to go forward. 18 U.S.C. § 4241(d). It was the court's understanding that this treatment course would include an evaluation by a psychiatrist for the appropriateness of psychotropic medication, as specifically recommended by the BOP psychologist, Dr. Watkins, in her evaluation report.

On May 13, 2015, following the four-month treatment period, the court received a Certificate of Restoration of Competency to Stand Trial from the Bureau of Prisons. Accompanying this certificate was forensic evaluation prepared by Carlton Pyant, Ph.D, who opined, in direct contrast to the earlier report, that defendant is not currently suffering from a several mental disease or defect rendering him unable to appreciate the nature and consequences of the proceedings filed against him.

Following receipt of the certificate and evaluation, the court scheduled a competency hearing pursuant to 18 U.S.C. § 4241(e) for June 11, 2015. At the hearing, the court heard

3

testimony from the psychologist who performed the initial evaluation, Dr. Robin Watkins. Dr. Watkins testified, consistent with her testimony from the previous hearing, as to her evaluation of defendant and her conclusion that defendant was suffering from a mental disease or defect rendering him incompetent to proceed. She detailed the process used to evaluate defendant, including the 11 plus hours she spent with defendant over 8 separate sessions.

The court also heard testimony from Dr. Carlton Pyant, the psychologist assigned to defendant's case when this court ordered a period of treatment to attempt to restore defendant's competence. Dr. Pyant's testimony showed that he disagreed with Dr. Watkins' opinion regarding defendant's competency, and that while defendant may exhibit antisocial characteristics, he did not have a mental disease or defect rendering him unable to assist in his defense. The court also questioned Dr. Pyant regarding the treatment received by defendant while at Butner under the court's treatment order. This testimony revealed that defendant was never evaluated by a psychiatrist, as recommended by Dr. Watkins because Dr. Pyant disagreed with her assessment, and that any treatment was limited solely to group therapy. Dr. Pyant was unable to advise the court regarding the number of

4

sessions in which defendant participated.[1] Dr. Pyant also was unable to detail for the court the number of meetings he had with defendant or the length of these evaluation sessions.

The court then heard directly from the defendant, under affirmation. After hearing defendant's responses to questions presented by the court, the court remains concerned that defendant is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The court is also concerned that defendant received little to no treatment during the four-month treatment period this court ordered pursuant to 18 U.S.C. § 4241(d)(1); rather, defendant only received a second evaluation, which produced conflicting opinions. The court finds that the Certificate of Restoration was not based on successful treatment of the defendant, but rather only on the second evaluator's opinion that defendant is not suffering from a mental disease or defect rendering him unable to assist in his defense. Therefore, without proper treatment of the defendant and further information, the court is unable at this time to find that defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

---

[1] Defendant testified he was only allowed to attend one session.

Therefore, pursuant to 18 U.S.C. § 4241(d), the court hereby orders the defendant committed to the custody of the Attorney General for an additional reasonable period, not to exceed 45 days, for treatment. The court finds that there is a substantial probability that within such additional period of time defendant will attain the capacity to permit proceedings to go forward. During this time, the court ORDERS that defendant receive an evaluation by a licensed psychiatrist in accordance with the original recommendation of Dr. Watkins and furthermore, to receive any treatment deemed necessary by said psychiatrist. The court further orders, that at the end of the treatment period, the BOP shall provide the court with a report by an appropriate mental health professional regarding defendant's competence to proceed and to assist in his defense. This evaluation and report shall NOT be written by either Dr. Robin Watkins or Dr. Carlton Pyant who have previously provided the court with evaluations.

It is further ordered that the hearing on all pending motions and arraignment in this case shall be CONTINUED pending a determination of defendant's mental competency to stand trial. Any delay that results from this continuance is excluded from Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A). Moreover, the court finds that the interests

of justice served by conducting an evaluation to determine defendant's competency outweigh the best interests of the public and defendant in a speedy trial and, therefore, any delay occasioned by this continuance is also excluded from Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

This 11th day of June 2015.

MALCOLM J. HOWARD
Senior United States District Judge

Greenville, NC
#26